UNITED STATES of America

v.

**Ruth M. ANDERSON, Appellant.**

No. 82–5410.

United States Court of Appeals, Third Circuit.

Argued March 14, 1983.

Decided April 6, 1983.

J. Alan Johnson, U.S. Atty., Paul J. Brysh (argued), Sandra D. Jordan, Asst. U.S. Attys., Pittsburgh, Pa., for appellee.

George E. Schumacher (argued), Federal Public Defender, Pittsburgh, Pa., for appellant.

Before ADAMS, GARTH * and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

This appeal presents the question whether, in a criminal case, reversal is required when a district court fails to conduct a colloquy with a defendant before accepting a written waiver of her right to a jury trial. We conclude that under the circumstances present here reversal is neither mandatory nor appropriate, and therefore affirm the conviction.

### A.

Ruth Anderson, the defendant, was indicted on two counts of wilful and intentional tax evasion. Anderson signed a form waiving her right to a trial by jury, to which the government and the district court agreed in writing. Following a bench trial, she was convicted on both counts. Her primary contention on this appeal is that the district judge committed reversible error by failing to conduct a colloquy with her on the record before accepting the written waiver of a jury trial. She acknowledges that there is no rule now in force in this Circuit requiring such a procedure, but requests that this Court adopt a supervisory rule applicable to this as well as subsequent cases, which would require the district

courts in this Circuit to conduct a colloquy in all criminal cases where the defendant seeks to waive the right to trial by jury.

### B.

■ The right of a criminal defendant to be tried by a jury of her peers is a fundamental constitutional guarantee. *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930).

A right to jury trial is granted to criminal defendants in order to prevent oppression by the Government.... Beyond this, the jury trial provisions in the Federal and State Constitutions reflect a fundamental decision about the exercise of official power—a reluctance to entrust plenary powers over the life and liberty of the citizen to one judge or to a group of judges. Fear of unchecked power, so typical of our State and Federal Governments in other respect, found expression in the criminal law in this insistence upon community participation in the determination of guilt or innocence.

*Duncan,* 391 U.S. at 156–57, 88 S.Ct. at 1451 (footnote omitted). Because of the importance of the right to jury trial, it can be waived only by a defendant's "express and intelligent consent," and the agreement of both the government and the court. *Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965); *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930).[1]

■ Rule 23(a) of the Federal Rules of Criminal Procedure requires that the right to jury trial be waived explicitly in writing; no reference is made to oral colloquys. Nonetheless in addition to the written waiver referred to in Rule 23(a), a district court usually conducts a colloquy with the defendant, on the record, to ascertain whether the defendant fully understands the nature

---

* Judge Garth participated in the oral argument of this case, but became ill before the opinion was prepared.

1. For an interesting and scholarly review of the history of the waiver of the right to trial by jury, see *Singer v. United States,* 380 U.S. 24, 27–34, 85 S.Ct. 783, 786–789, 13 L.Ed.2d 630 (1965).

of the right being relinquished and the implications of that decision. As we stated in *United States v. Mitchell,* 427 F.2d 1280 (3d Cir.1970), we believe that a colloquy between the district judge and the defendant is preferable to the mere acceptance by the court of the written waiver and the filing of it in the record of the case. The colloquy between the judge and the defendant serves both to emphasize to the defendant the seriousness of the decision to waive the right to trial by jury and to create a clear record of the circumstances of the waiver, establishing that "express and intelligent consent" was indeed given by the defendant. *Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965).

Although this is the preferred practice, we decline to follow the Seventh Circuit and set forth a supervisory rule making it the required procedure in this Circuit. *See United States v. Delgado,* 635 F.2d 889 (7th Cir.1981); *United States v. Scott,* 583 F.2d 362 (7th Cir.1978). The defendant has not demonstrated nor even suggested that the failure to conduct a colloquy is a recurring problem in the district courts. Also, as we noted above, Rule 23(a), which governs the waiver procedure in federal courts, requires only a written statement, not an oral colloquy. Before adding to the provisions set forth in the Federal Rules, which are adopted after most careful consideration, at the very least a compelling need for such addition should be made out. Accordingly, we shall continue to rely on the district courts to employ the means most appropriate to a particular case in order to insure that a defendant's waiver of the right to a trial by jury is knowingly and intelligently made. We note that the *Bench Book for United States District Court Judges,* prepared by the Federal Judicial Center, contains a suggested colloquy. The district courts are urged to follow those procedures whenever practicable.[2]

### C.

■ The defendant in this case has raised two additional challenges to her conviction.

She maintains first that her waiver of a jury trial was not in fact made knowingly and intelligently because her attorney never explained to her the implications of the waiver form that she signed. Anderson, who was employed as a bookkeeper, has had three years of college education, taking night classes at the University of Pittsburgh. The district court, after observing her demeanor throughout the trial, found her to be "an intelligent and a cultured woman, alert and perceptive." Although Anderson's attorney, an experienced and able member of the bar, could not recall whether he explained the waiver to her, he made it clear that his practice was to discuss with defendants whom he represented the implications of the decision to proceed without a jury. In addition, the Assistant United States Attorney assigned to the case testified that she had been told by Anderson's lawyer that he had discussed the waiver with Anderson, and that Anderson had decided that "she'll be better off with one person deciding her fate as opposed to twelve people deciding her fate." *Appx.* at 96a. On the basis of all these facts, we conclude that the district court did not err in finding Anderson's waiver to be knowing and intelligent.

Anderson's final argument is that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that she intentionally committed the crimes with which she was charged. After a thorough review of the record of the trial, we conclude that this claim is without legal merit.

The judgment of the district court, 535 F.Supp. 1230, will be affirmed.

---

**2.** Federal Judicial Center, Bench Book for United States District Court Judges 1.10–3 to –4.