## STATE OF CONNECTICUT *v.* CURTIS GORE
## (SC 17769)

Rogers, C. J., and Norcott, Palmer, Vertefeuille and Schaller, Js.

Argued April 24—officially released September 23, 2008

*Melissa L. Streeto*, assistant state's attorney, with whom, on the brief, were *Michael L. Regan*, state's attorney, *Thomas Griffin*, supervisory assistant state's attorney, and *Stephen Carney*, senior assistant state's attorney, for the appellant (state).

*Kent Drager*, senior assistant public defender, for the appellee (defendant).

*Opinion*

ROGERS, C. J. In this appeal, we address the requirements for a knowing, intelligent and voluntary waiver of the right to a jury trial. The sole issue presented is whether defense counsel validly waived a jury trial on behalf of the defendant, Curtis Gore, when there is no evidence that the defendant also personally waived the right on the record. The state appeals[1] from the judgment of the Appellate Court, which reversed the judgment of the trial court because the record was "devoid of any evidence that [the defendant personally] made a knowing, intelligent and voluntary waiver of his right to a jury trial," and remanded the case for a new trial. *State* v. *Gore*, 96 Conn. App. 758, 760, 901 A.2d 1251 (2006). On appeal to this court, the state claims that the Appellate Court improperly determined that the totality of the circumstances failed to demonstrate that the defendant validly had waived his constitutional right to a jury trial because: (1) defense counsel stated on the record that, after a "lengthy discussion" with the defendant, the defendant had elected to waive his right to a trial by jury, and it reasonably may be presumed that the defendant acquiesced in the waiver by his failure to object; (2) the trial court twice issued a general advisement of constitutional rights, and it reasonably may be presumed that the defendant was present for these advisements; (3) it reasonably may be presumed that defense counsel had advised the defendant of his right to a jury trial; and (4) in light of the defendant's prior experience with the criminal justice system, it reasonably may be presumed that the defendant had

[1] We granted the state's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that the defendant had not validly waived his right to a jury trial?" *State* v. *Gore*, 280 Conn. 937, 910 A.2d 218 (2006).

actual knowledge of his right to a jury trial. We disagree and affirm the judgment of the Appellate Court.[2]

The trial court reasonably could have found the following relevant facts. On August 18, 2004, the incarcerated defendant prevented department of correction employee Christopher Hanney from inserting a meal tray into the defendant's cell through a small metal sliding door. The defendant also reached through the sliding door and grabbed Hanney's hands, cutting Hanney's fingers, hands and wrist with his fingernails. The defendant thereafter was arrested and charged with assault of an employee of the department of correction in violation of General Statutes § 53a-167c (a) (1).[3] See id., 760–61. At the defendant's arraignment on September 2, 2004, the trial court, *Domnarski, J.*, addressed all accused persons present in the courtroom in the aggregate, and advised them of their constitutional rights, including "the right to a public trial and a speedy trial before a judge or a jury." On September 23, 2004, the trial court, *Hadden, J.*, gave an advisement of rights, again addressed to all persons present. Specifically, the court stated, "You have the right to a public trial, and a speedy trial before the court, that's a judge alone, and in most cases before a jury." The court also stated: "If you have any questions concerning your constitutional

[2] Because we affirm the judgment of the Appellate Court on the ground that defense counsel's waiver of the defendant's right to a jury trial on the defendant's behalf was invalid, we need not address the defendant's alternate ground for affirmance in which he claims that the trial court improperly permitted the state to introduce into evidence a state trooper's testimony concerning inculpatory statements allegedly made by the defendant during custodial interrogation.

[3] General Statutes § 53a-167c provides in relevant part: "(a) A person is guilty of assault of public safety or emergency medical personnel when, with intent to prevent a[n] . . . employee of the Department of Correction . . . from performing his or her duties, and while such . . . employee . . . is acting in the performance of his or her duties, (1) such person causes physical injury to such . . . employee . . . ."

rights, please ask me when your case is called."[4] Later that same day, the defendant, through counsel, entered a pro forma plea of not guilty and elected a jury trial.

When the case was called for trial on November 17, 2004, the following colloquy took place between the trial court and defense counsel:

"[Defense Counsel]: Your Honor, [the defendant] and I had a lengthy discussion a few moments ago about how to proceed in this case, and at this point, I believe, we're changing our election, if election was made, from a jury trial to a court trial.

"The Court: All right.

"[The Prosecutor]: December 9th, Your Honor.

"The Court: All right. We'll set this matter for a trial on December 9th [at 2 p.m.] . . . ."

Neither the trial court nor defense counsel asked the defendant whether he consented to the waiver, nor did

---

[4] The defendant claims on appeal that he was not present to hear the general advisements given to pretrial detainees because he was "not a pretrial detainee but an already sentenced prisoner," who was transported separately to court from prison. As the Appellate Court noted, the record does not indicate whether the defendant actually was present in the courtroom. See *State* v. *Gore*, supra, 96 Conn. App. 767 n.5. This issue is significant because a defendant must be advised of the right to a jury trial before he may choose to knowingly waive that right. See *State* v. *Ouellette*, 271 Conn. 740, 753–54, 859 A.2d 907 (2004), citing *Johnson* v. *Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). The state argues that, although we reasonably may presume that the defendant was present for the general advisements, the defendant also was advised of the right to a jury trial by defense counsel because counsel stated to the trial court on the record that he "had a lengthy discussion" with the defendant before waiving a jury trial on the defendant's behalf. We need not decide this issue because, even assuming arguendo that the defendant was advised by either the trial court or defense counsel, we conclude nevertheless that defense counsel's waiver of the right to a jury trial on the defendant's behalf was invalid because there was no affirmative indication from the defendant on the record that he waived the right personally.

the defendant personally acknowledge the waiver on the record.

At the beginning of the defendant's trial, conducted by a third judge, *Boland, J.*, the state informed the trial court that "[o]n a previous occasion . . . the defendant waived his right to a jury trial [and] had the matter set down for a court trial." Thereafter, the defendant was convicted of assault of an employee of the department of correction and ultimately was sentenced. The defendant appealed from his conviction to the Appellate Court, claiming, inter alia,[5] that he had not knowingly, intelligently and voluntarily waived his right to a jury trial.[6] *State* v. *Gore*, supra, 96 Conn. App. 760. Although the defendant had not challenged the validity of the waiver at trial; id., 766; the Appellate Court reviewed his claim pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989), and concluded that the waiver of the defendant's right to a jury trial by defense counsel "was constitutionally deficient." *State* v. *Gore*, supra, 769. Accordingly, the Appellate Court reversed the judgment of the trial court and remanded the case for a new trial. Id. This certified appeal followed.

We begin our analysis by setting forth the applicable standard of review. "The right to a jury trial in a criminal case is among those constitutional rights which are

---

[5] The defendant also claimed that the evidence was insufficient to prove beyond a reasonable doubt that he had the specific intent to prevent Hanney from performing his duty, but the Appellate Court disagreed and held that the evidence was sufficient to support his conviction of assault of an employee of the department of correction. *State* v. *Gore*, supra, 96 Conn. App. 761–65. The defendant filed a cross petition for certification to appeal to this court on the issue pursuant to Practice Book § 84-4 (b), which was denied. *State* v. *Gore*, 280 Conn. 937, 910 A.2d 218 (2006).

[6] The state concedes that the Appellate Court properly reviewed the claim under *Golding* because the record is adequate for review and the claim is of constitutional magnitude and alleges the violation of a fundamental right. See *State* v. *Ouellette*, 271 Conn. 740, 748 n.14, 859 A.2d 907 (2004) (*Golding* review granted for unpreserved claim that trial court failed to ensure waiver of jury trial was knowing, intelligent and voluntary).

related to the procedure for the determination of guilt or innocence.[7] The standard for an effective waiver of such a right is that it must be knowing and intelligent, as well as voluntary. . . . Relying on the standard articulated in *Johnson* v. *Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938), we have adopted the definition of a valid waiver of a constitutional right as the intentional relinquishment or abandonment of a known right. . . . This strict standard precludes a court from presuming a waiver of the right to a trial by jury from a silent record. . . . In determining whether this strict standard has been met, a court must inquire into the totality of the circumstances of each case. . . . When such a claim is first raised on appeal, our focus is on compliance with these constitutional requirements rather than on observance of analogous procedural rules prescribed by statute or by the Practice Book." (Citations omitted; internal quotation marks omitted.) *State* v. *Ouellette*, 271 Conn. 740, 751–52, 859 A.2d 907 (2004). Our task, therefore, is to determine whether the totality of the record furnishes sufficient assurance of a constitutionally valid waiver of the right

---

[7] It is undisputed that the defendant was entitled to a jury trial under the sixth and fourteenth amendments to the United States constitution, and article first, §§ 8 and 19, of the constitution of Connecticut. See *State* v. *Crump*, 201 Conn. 489, 499, 518 A.2d 378 (1986). In this appeal, however, the defendant refers to the jury trial right afforded by the federal and state constitutions in general only. Because the defendant has not provided a separate analysis of the right under the state constitution, and has not claimed that the state provisions provide greater protection than their federal counterparts, for purposes of this appeal we treat the jury trial rights arising from the state and federal constitutions as coextensive. See *State* v. *Velasco*, 253 Conn. 210, 237 n.19, 751 A.2d 800 (2000) (applying this analysis to right to impartial jury); *State* v. *Provost*, 251 Conn. 252, 263 n.7, 741 A.2d 295 (1999) (applying this analysis in due process context), cert. denied, 531 U.S. 822, 121 S. Ct. 65, 148 L. Ed. 2d 30 (2000); see also *State* v. *Fernandez*, 254 Conn. 637, 652–53, 758 A.2d 842 (2000) (discussing textual similarities among sixth and fourteenth amendments to United States constitution and article first, § 8, of constitution of Connecticut), cert. denied, 532 U.S. 913, 121 S. Ct. 1247, 149 L. Ed. 2d 153 (2001).

to a jury trial. See *State* v. *Crump*, 201 Conn. 489, 500, 518 A.2d 378 (1986). Our inquiry is dependent upon "the particular facts and circumstances surrounding [each] case, including the background, experience, and conduct of the accused." (Internal quotation marks omitted.) *State* v. *Shockley*, 188 Conn. 697, 707, 453 A.2d 441 (1982). In examining the record, moreover, we will "indulge every reasonable presumption against waiver of fundamental constitutional rights and . . . [will] not presume acquiescence in the loss of fundamental rights. . . . *Johnson* v. *Zerbst*, supra [464]. In addition, a waiver of a fundamental constitutional right is not to be presumed from a silent record. See *Boykin* v. *Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)." (Internal quotation marks omitted.) *State* v. *Shockley*, supra, 707.

Our resolution of this issue in this particular case involves a two part inquiry. First, we must determine whether defense counsel alone may waive a jury trial on the defendant's behalf as a matter of trial strategy— an affirmative determination of which would end our inquiry. If not, we must decide what is constitutionally required to demonstrate that the defendant, himself, knowingly, intelligently and voluntarily waived a jury trial. Specifically, we must determine whether the record must contain some affirmative indication from the defendant personally that he or she is waiving the right to a jury trial, or, alternatively, whether counsel's expression of the waiver on the defendant's behalf, combined with the defendant's silence while counsel waives the right to a jury trial, may constitute a knowing, intelligent and voluntary waiver.

We conclude that a defendant personally must waive the fundamental right to a jury trial, and that counsel may not make that decision as a matter of trial strategy. We also conclude that there must be some affirmative indication from the defendant himself or herself on

the record that he or she knowingly, intelligently and voluntarily has decided to waive a jury trial. In other words, the defendant's passive silence in this case while defense counsel purported to waive the defendant's right to a jury trial is not sufficient to demonstrate a knowing, intelligent and voluntary waiver.[8] Finally, we take this opportunity to exercise our supervisory authority prospectively to require the trial court, in the absence of a written waiver, to canvass the defendant to ensure that his personal waiver of the fundamental right to a jury trial is knowing, intelligent and voluntary.

Turning to the first step in our analysis, we conclude that the Appellate Court properly determined that defense counsel alone may not waive the right to a jury trial on the defendant's behalf as a matter of trial strategy. See *State* v. *Gore*, supra, 96 Conn. App. 768–69. "What suffices for waiver depends on the nature of the right at issue. [W]hether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake. . . . For certain fundamental rights, the defendant must personally make an informed waiver. . . . For other rights, however, waiver may be effected by action of counsel." (Citations omitted; internal quotation marks omitted.) *New York* v. *Hill*, 528 U.S. 110, 114, 120 S. Ct. 659, 145 L. Ed. 2d 560 (2000); *Gonzalez* v. *United States*, 553 U.S. 242, 248, 128 S. Ct. 1765, 170 L. Ed. 2d 616 (2008). The fundamental rights that a defendant personally must decide to waive are therefore distinguishable from tactical trial rights that are not personal to the defendant

---

[8] If the record contained an affirmative indication from the defendant personally that he had decided to waive his right to a jury trial, we would engage in a third level of inquiry to determine whether that waiver was made knowingly, intelligently and voluntarily. Because that condition precedent was not satisfied in this case, however, we are limited to a two part analysis. See footnote 12 of this opinion.

and that counsel may choose to waive as part of trial strategy.[9] *State* v. *Davis*, 199 Conn. 88, 95, 506 A.2d 86 (1986); see also, e.g., *Gonzalez* v. *United States*, supra, 247–51; *United States* v. *Plitman*, 194 F.3d 59, 63 (2d Cir. 1999).[10]

One of the rights that a criminal defendant personally must waive is the fundamental right to a jury trial. See,

[9] The fundamental rights that a defendant personally must waive typically are identified as the rights to plead guilty, waive a jury, testify in his or her own behalf, and take an appeal. See *Gonzalez* v. *United States*, supra, 553 U.S. 250–51; *Florida* v. *Nixon*, 543 U.S. 175, 187, 125 S. Ct. 551, 160 L. Ed. 2d 565 (2004); *Taylor* v. *Illinois*, 484 U.S. 400, 417–18, 418 n.24, 108 S. Ct. 646, 98 L. Ed. 2d 798 (identifying right to plead not guilty, to jury trial and to be present at trial), rehearing denied, 485 U.S. 983, 108 S. Ct. 1283, 99 L. Ed. 2d 494 (1988); *Jones* v. *Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983); *United States* v. *Plitman*, 194 F.3d 59, 63 (2d Cir. 1999); see also A.B.A., Standards for Criminal Justice: Prosecution Function and Defense Function (3d Ed. 1993) standard 4-5.2 (same); 3 W. LaFave, J. Israel & N. King et al., Criminal Procedure (3d Ed. 2007) § 11.6 (a), p. 771 n.3, 776–78.

Tactical rights that counsel may waive on the defendant's behalf include, but are not limited to, the statutory protection of a probable cause hearing; *State* v. *Santiago*, 245 Conn. 301, 315–16, 715 A.2d 1 (1998); the right to call witnesses; *State* v. *Davis*, 199 Conn. 88, 96, 506 A.2d 86 (1986); and the composition of a jury charge. *State* v. *Stewart*, 64 Conn. App. 340, 348–54, 780 A.2d 209, cert. denied, 258 Conn. 909, 782 A.2d 1250 (2001).

[10] The distinction between fundamental personal rights and tactical rights primarily is founded on practicality and the smooth progress of litigation without undue disruption. Tactical decisions appropriately may be waived by counsel acting alone because "[t]he adversary process could not function effectively if every tactical decision required client approval." *Taylor* v. *Illinois*, 484 U.S. 400, 418, 108 S. Ct. 646, 98 L. Ed. 2d 798, rehearing denied, 485 U.S. 983, 108 S. Ct. 1283, 99 L. Ed. 2d 494 (1988). Indeed, "[g]iving the attorney control of trial management matters is a practical necessity. . . . Numerous choices affecting conduct of the trial, including the objections to make, the witnesses to call, and the arguments to advance, depend not only upon what is permissible under the rules of evidence and procedure but also upon tactical considerations of the moment and the larger strategic plan for the trial. These matters can be difficult to explain to a layperson; and to require in all instances that they be approved by the client could risk compromising the efficiencies and fairness that the trial process is designed to promote. . . . To hold that every instance of waiver requires the personal consent of the client himself or herself would be impractical." (Citations omitted.) *Gonzalez* v. *United States*, supra, 553 U.S. 249–50.

e.g., *Gonzalez* v. *United States*, supra, 553 U.S. 251; *Taylor* v. *Illinois*, 484 U.S. 400, 417–18, 418 n.24, 108 S. Ct. 646, 98 L. Ed. 2d 798, rehearing denied, 485 U.S. 983, 108 S. Ct. 1283, 99 L. Ed. 2d 494 (1988);[11] *United States* v. *Plitman*, supra, 194 F.3d 63; *United States* v. *Teague*, 953 F.2d 1525, 1531 (11th Cir.), cert. denied, 506 U.S. 842, 113 S. Ct. 127, 121 L. Ed. 2d 82 (1992);

[11] The Appellate Court relied solely on *Taylor* v. *Illinois*, supra, 484 U.S. 417–18, in holding that the fundamental right to a jury trial "cannot be waived on the basis of defense counsel's assertion." *State* v. *Gore*, supra, 96 Conn. App. 769. The state challenges the Appellate Court's reliance on *Taylor*, claiming that it is inapposite to the present case. We disagree. Although *Taylor* did not involve directly the validity of a jury trial waiver, the United States Supreme Court did address this issue in its discussion. In concluding that the defendant in *Taylor* could be held responsible for his attorney's tactical decision to conceal the identity of a key witness until after trial had commenced, the court recognized that, "there are basic rights that the attorney cannot waive without the fully informed *and publicly acknowledged* consent of the client . . . ." (Emphasis added.) *Taylor* v. *Illinois*, supra, 417–18. As an example of such a right, the court cited with approval an Indiana case holding that the "record must show personal communication of the defendant to the court that he chooses to relinquish the right [to a jury trial]." (Internal quotation marks omitted.) Id., 418 n.24, quoting *Doughty* v. *State*, 470 N.E.2d 69, 70 (Ind. 1984). We conclude that this citation, although technically dicta, nevertheless is highly persuasive support for the proposition that a defendant personally must waive the right to a jury trial on the record. We hesitate, however, to end our analysis of whether the defendant personally must waive the right to a jury trial, affirmatively and on the record, or whether the defendant's waiver may be implied from his failure to object to counsel's waiver, with *Taylor* because the United States Supreme Court arguably left this question open in its recent decision in *Gonzalez*, a case concerning the ability of counsel to consent to a magistrate judge's presiding over jury selection in a felony trial where the defendant was not asked for his personal consent. See *Gonzalez* v. *United States*, supra, 553 U.S. 247–48 ("[w]hether the personal consent [of the defendant] must be explicit and on the record or can be determined from a course of conduct may be another matter, but for now it suffices to note that we have acknowledged that some rights cannot be waived by the attorney alone"). After careful consideration of this issue, we conclude, relying in part on *Taylor* and for the reasons stated hereinafter within the body of this opinion, that there must be some affirmative indication of the waiver of a jury trial from the accused personally, on the record, because silence is too ambiguous to support an inference of the waiver of such a fundamental right.

*State* v. *Gibbs*, 254 Conn. 578, 610–11, 611 n.27, 758 A.2d 327 (2000). Although this court previously has adopted the tactical versus fundamental distinction; *State* v. *Gibbs*, supra, 610–11; we never have applied this distinction in assessing the validity of a jury trial waiver. A review of our jurisprudence in this area, however, reveals that this distinction has been followed consistently, albeit implicitly, in that this court never has relied solely, or even primarily, on the representation of a jury trial waiver by counsel in evaluating the validity of the waiver. See *State* v. *Ouellette*, supra, 271 Conn. 748–55; *State* v. *Groomes*, 232 Conn. 455, 474–76, 656 A.2d 646 (1995); *State* v. *Marino*, 190 Conn. 639, 641–46, 646–47 n.8, 462 A.2d 1021 (1983); *State* v. *Shockley*, supra, 188 Conn. 700–709; see also *State* v. *Henton*, 50 Conn. App. 521, 527–30, 529–30 n.4, 720 A.2d 517, cert. denied, 247 Conn. 945, 723 A.2d 322 (1998); *State* v. *Tangari*, 44 Conn. App. 187, 191–95, 688 A.2d 1335, cert. denied, 241 Conn. 901, 693 A.2d 304, cert. denied, 522 U.S. 867, 118 S. Ct. 177, 139 L. Ed. 2d 118 (1997). Applying this distinction, we conclude that counsel may not waive the fundamental right to a jury trial as a matter of trial strategy. Rather, the right to a jury trial is personal to the defendant and may be waived by the defendant only. See A.B.A., Standards for Criminal Justice: Discovery and Trial by Jury (3d Ed. 1996) standard 15-1.2 (ABA Standards for Criminal Justice).

Having decided that defense counsel alone cannot waive a jury trial on behalf of the defendant, a conclusion that the state appears to concede, we next must determine whether the in-court representation by defense counsel that the defendant has decided to waive a jury trial, together with the defendant's silence, is sufficient to constitute a valid waiver, or whether a defendant himself or herself must affirmatively inform the court, either orally or in writing, of his or her decision to waive the right. We conclude that there must be some affirmative indication from the accused per-

sonally, on the record, that he or she has decided to waive the fundamental right to a jury trial because the defendant's silence is too ambiguous to permit the inference that he or she has waived such a fundamental right. See *State* v. *Santiago*, 245 Conn. 301, 315–16, 715 A.2d 1 (1998) (suggesting that, although waiver of rights not personal to defendant may be implied as well as made by counsel, knowing, intelligent and voluntary waiver of rights personal to defendant must be made expressly by defendant himself); *State* v. *Patterson*, 230 Conn. 385, 396, 645 A.2d 535 (1994) (same), rev'd on other grounds on appeal after remand, 236 Conn. 561, 674 A.2d 416 (1996); see also, e.g., *Taylor* v. *Illinois*, supra, 484 U.S. 417–18 ("there are basic rights [including the right to a jury trial] that the attorney cannot waive without the *fully informed and publicly acknowledged consent of the client*" [emphasis added]); *Taylor* v. *Illinois*, supra, 418 n.24 ("record must show *personal communication of the defendant* to the court that he chooses to relinquish the right [to a jury trial]" [emphasis added; internal quotation marks omitted]); *Doughty* v. *State*, 470 N.E.2d 69, 70 (Ind. 1984), cited approvingly by *Taylor* v. *Illinois*, supra, 418 n.24; ABA Standards for Criminal Justice, supra, standard 15-1.2. A defendant's personal assertion of a waiver of the right to a jury trial is not conclusive evidence that the waiver was made knowingly, intelligently and voluntarily, but its absence is a fatal blow to the validity of a waiver.[12] See *United States* v. *Robertson*, 45 F.3d 1423, 1432 (10th Cir.), cert. denied, 516 U.S. 844, 116 S. Ct. 133, 133 L. Ed. 2d 81 (1995); *State* v. *Brand*, 55 Wash. App. 780, 784–88, 780 P.2d 894 (1989), rev'd on other grounds, 120 Wash. 2d

---

[12] If this condition precedent had been satisfied, namely, if there had been an affirmative indication of a jury trial waiver on the record from the defendant personally, we would conduct a totality of the circumstances analysis to determine whether the defendant's personal waiver of a jury trial was made knowingly, intelligently and voluntarily. See *State* v. *Crump*, supra, 201 Conn. 497–505.

365, 842 P.2d 470 (1992); cf. *State* v. *Crump*, supra, 201 Conn. 500 (written waiver of right to jury trial signed by defendant considered, not as conclusive evidence of validity, but as one circumstance among totality potentially evidencing validity); *Jackson* v. *Commonwealth*, 113 S.W.3d 128, 133 (Ky. 2003) ("under federal law, a written waiver is only one factor to consider in determining if the defendant knowingly, voluntarily, and intelligently waived the right to trial by jury").

Although the United States Supreme Court arguably has left open the question of whether a defendant's waiver of the fundamental right to a jury trial must be expressed explicitly on the record or whether it may be implied through silence; see footnote 11 of this opinion; we conclude that because the right to a jury trial is uniquely personal to the defendant, an affirmative indication of the defendant's personal waiver of this right must appear on the record, and the defendant's silence or failure to object to defense counsel's purported waiver is constitutionally insufficient to demonstrate a valid waiver. A trial court, therefore, may not assume that counsel is invoking the wishes of the defendant when he or she purports to waive a jury trial on the defendant's behalf. See, e.g., *Jackson* v. *Commonwealth*, supra, 113 S.W.3d 131–33; *State* v. *Mitchell*, 145 S.W.3d 21, 23–25 (Mo. App. 2004); *State* v. *Ellis*, 953 S.W.2d 216, 221–22, 221 n.7 (Tenn. Crim. App. 1997); cf. *Bradshaw* v. *State*, 806 A.2d 131, 138 (Del. 2002). To conclude otherwise would require us to presume the waiver of a fundamental right on the basis of the defendant's passive silence, which is, at best, ambiguous.[13] In fact, we must "indulge every reasonable pre-

---

[13] Unquestionably, the defendant's express consent given on the record is the best direct evidence of his personal agreement to the waiver. See *State* v. *Ellis*, supra, 953 S.W.2d 221 n.7 ("[t]he assertion by counsel of a defendant's waiver is presumably less reliable than the express written or oral consent of the accused even when coupled with the inference of acquiescence drawn from the defendant's failure to protest"); *State* v. *Anderson*, 249 Wis. 2d 586, 602–603, 638 N.W.2d 301 (2002).

sumption *against* [the] waiver" of fundamental constitutional rights and we must *"not presume acquiescence* in the loss of fundamental rights." (Emphasis added; internal quotation marks omitted.) *Johnson* v. *Zerbst,* supra, 304 U.S. 464; see also *United States* v. *Robertson,* supra, 45 F.3d 1432–33; *State* v. *Shockley,* supra, 188 Conn. 707. In so concluding, we join the majority of jurisdictions that have considered this issue.[14]

This conclusion also is in accordance with our past jurisprudence, which uniformly has included some affir-

---

[14] See, e.g., *United States* v. *Robertson,* supra, 45 F.3d 1432–33; *Landry* v. *Hoepfner,* 818 F.2d 1169, 1178 (5th Cir. 1987), rev'd on other grounds, 840 F.2d 1201 (5th Cir. 1988), cert. denied, 489 U.S. 1083, 109 S. Ct. 1540, 103 L. Ed. 2d 844 (1989); *United States* v. *Saadya,* 750 F.2d 1419, 1420–22 (9th Cir. 1985); *United States* v. *Garrett,* 727 F.2d 1003, 1012–13 (11th Cir. 1984), aff'd, 471 U.S. 773, 105 S. Ct. 2407, 85 L. Ed. 2d 764 (1985); *United States* v. *Anderson,* 704 F.2d 117, 118–19 (3d Cir.), cert. denied, 464 U.S. 838, 104 S. Ct. 129, 78 L. Ed. 2d 125 (1983); *Walker* v. *State,* 578 P.2d 1388, 1389–90 (Alaska 1978); *People* v. *Ernst,* 8 Cal. 4th 441, 448, 881 P.2d 298, 34 Cal. Rptr. 2d 238 (1994); *People* v. *Holmes,* 54 Cal. 2d 442, 443–44, 353 P.2d 583, 5 Cal. Rptr. 871 (1960); *Rice* v. *People,* 193 Colo. 270, 271–72, 272 n.2, 565 P.2d 940 (1977); *State* v. *Upton,* 658 So. 2d 86, 88 (Fla. 1995); *Balbosa* v. *State,* 275 Ga. 574, 575, 571 S.E.2d 368 (2002); *Allison* v. *State,* 288 Ga. App. 482, 485–90, 654 S.E.2d 628 (2007); *State* v. *Young,* 73 Haw. 217, 219–22, 830 P.2d 512 (1992); *State* v. *Swan,* 108 Idaho 963, 964–66, 703 P.2d 727 (App. 1985); *Kellems* v. *State,* 849 N.E.2d 1110, 1111–14 (Ind. 2006); *State* v. *Irving,* 216 Kan. 588, 589–90, 533 P.2d 1225 (1975); *Jackson* v. *Commonwealth,* supra, 113 S.W.3d 131–33; *State* v. *Thompson,* 720 N.W.2d 820, 825–28 (Minn. 2006); *State* v. *Mitchell,* supra, 145 S.W.3d 23–25; *State* v. *Dahlin,* 289 Mont. 182, 187–89, 961 P.2d 1247 (1998); *State* v. *Russell,* 248 Neb. 723, 730, 539 N.W.2d 8 (1995); *State* v. *Wyman,* 232 N.J. Super. 565, 568, 557 A.2d 1043 (App. Div. 1989); *State* v. *Kranz,* 353 N.W.2d 748, 749–53 (N.D. 1984); *State* v. *Ellis,* supra, 953 S.W.2d 221–22; *State* v. *Pierce,* 134 Wash. App. 763, 769–73, 142 P.3d 610 (2006); *State* v. *Redden,* 199 W. Va. 660, 666–69, 487 S.E.2d 318 (1997); *State* v. *Livingston,* 159 Wis. 2d 561, 564–71, 464 N.W.2d 913 (1991); see also cases cited in footnote 17 of this opinion; cf. *Bolt* v. *State,* 314 Ark. 387, 387–91, 862 S.W.2d 841 (1993); *People* v. *Fowler,* 183 Colo. 300, 303–304, 516 P.2d 428 (1973); *State* v. *Foote,* 149 N.H. 323, 324–27, 821 A.2d 1072 (2003); but see, e.g., *United States* v. *Leja,* 448 F.3d 86, 92–96 (1st Cir. 2006); *United States* v. *Robinson,* 8 F.3d 418, 422–23 (7th Cir. 1993); *People* v. *Bracey,* 213 Ill. 2d 265, 270, 272–73, 821 N.E.2d 253 (2004); *State* v. *Pierre,* 842 So. 2d 321, 322 (La. 2003).

mative indication from the defendant, either orally or in writing, that he knowingly, intelligently and voluntarily waived his right to a jury trial. See *State* v. *Ouellette*, supra, 271 Conn. 748–54; *State* v. *Crump*, supra, 201 Conn. 497–505; *State* v. *Marino*, supra, 190 Conn. 641–46; *State* v. *Shockley*, supra, 188 Conn. 700–709; see also *State* v. *Henton*, supra, 50 Conn. App. 527–30, 529–30 n.4; *State* v. *Tangari*, supra, 44 Conn. App. 191–95.[15] We therefore now make explicit what heretofore was implicit in our case law.

The state claims, however, that our decision in *State* v. *Crump*, supra, 201 Conn. 504, stands for the proposition that a defendant's failure to object to defense counsel's waiver of a jury trial on the defendant's behalf, made in the defendant's presence, constitutes an affir-

---

[15] The sole possible exception is *State* v. *Groomes*, supra, 232 Conn. 475–76, which we conclude is sui generis in light of the unique factual and procedural posture of that case. Although the defendant in *Groomes* did not waive a jury trial orally or in writing, the trial court attempted to engage the defendant in a colloquy after defense counsel waived a jury trial on his behalf. Id. The recalcitrant defendant then refused to speak when addressed personally by the trial court about the right to a jury trial and clearly indicated by that refusal that he consented to the waiver. Id. Specifically, defense counsel stated on the record: "I have had discussions with my client. My client indicates to me that he does wish to waive a trial by [j]ury, but wants a trial by [c]ourt. I would indicate for the record what I have advised him and he is basically not going along with my advice, but he did indicate to me verbally, during the short recess that he wished to waive the [j]ury." (Internal quotation marks omitted.) Id., 475. The trial court subsequently inquired: "Now, Mr. Groomes you understand that you have the right to the [j]ury. Do you understand that sir? Mr. Groomes." (Internal quotation marks omitted.) Id. Defense counsel responded that the defendant had "indicated to me that he's not going to respond to the [c]ourt. I've indicated the problem in doing that." (Internal quotation marks omitted.) Id. The court then stated: "Well, Mr. Groomes, if you refuse to answer and you really don't have to, but I gather that you have listened to [c]ounsel and you are waiving the [j]ury." (Internal quotation marks omitted.) Id., 476. The defendant had an opportunity to speak to the trial court and declined to avail himself of that opportunity. Id., 475–76. By choosing to remain silent in the face of the trial court's assertion that, by doing so, the court would assume that the defendant was waiving a jury trial, the defendant in *Groomes* communicated his wish to waive the right to a jury on the record as clearly as if he had spoken.

mative indication of the defendant's personal waiver of the right. We find *Crump* to be consistent with the rule that we have announced today because the defendant in that case, who was determined to have acquiesced to counsel's statement that " 'we elect a trial to the court' "; id., 501; previously had signed a written waiver that explicitly acknowledged that he had been advised of the right to a jury trial; id.; and "ratified or acquiesced in that waiver . . . ." Id., 505.

Although the constitution requires an affirmative indication of a jury trial waiver on the record from the defendant personally, the constitution does not mandate the particular form that this personal waiver must take. See id., 503; *State* v. *Shockley,* supra, 188 Conn. 711; see also *United States* v. *Cochran,* 770 F.2d 850, 851 (9th Cir. 1985); *United States* v. *Martin,* 704 F.2d 267, 274 (6th Cir. 1983); *United States* v. *Anderson,* 704 F.2d 117, 118–19 (3d Cir.), cert. denied, 464 U.S. 838, 104 S. Ct. 129, 78 L. Ed. 2d 125 (1983); *United States* v. *Scott,* 583 F.2d 362, 363–64 (7th Cir. 1978).[16] As we previously have explained, "it is not unreasonable for courts to refrain, in the case of the jury right, from constitutionalizing a particular means of demonstrating the legality of the waiver . . . ." (Internal quotation marks omitted.) *State* v. *Crump,* supra, 503. Although the constitution does not mandate the exact form of a personal waiver of the fundamental right to a jury trial, as we previously have observed, "the better practice is to have the record at the time of election literally disclose the inquiries of the court and the answers of the accused . . . ." *State* v. *Shockley,* supra, 711; see also ABA Standards for Criminal Justice, supra, standard 15-1.2. Accordingly, we hereby exercise our supervisory authority to require prospectively that, in the absence

[16] Courts that have recommended or required a colloquy or canvass have done so not as a constitutional imperative, but as an exercise of supervisory authority. See cases cited in footnote 14 of this opinion.

of a written waiver, the trial court must canvass the defendant briefly to ensure that his or her personal waiver of a jury trial is made knowingly, intelligently and voluntarily.

"Under our supervisory authority, we have adopted rules intended to guide the [trial] courts in the administration of justice in all aspects of the criminal process." *State* v. *Santiago*, supra, 245 Conn. 333–34; id. (citing instances where court has, inter alia, adopted standards for judicial explanation and inquiry). The exercise of our supervisory authority in prescribing a canvass is appropriate for future cases involving the validity of a jury trial waiver because many of the questions raised about the validity of the waiver would be circumvented by a canvass on the record, particularly given the peculiarly personal nature of the defendant's right to a jury trial. See *Davis* v. *State*, 809 A.2d 565, 571 (Del. 2002) ("a colloquy serves three purposes: [1] it more effectively insures voluntary, knowing and intelligent waivers; [2] it promotes judicial economy by avoiding challenges to the validity of waivers on appeal . . . or in habeas proceedings; and [3] it emphasizes to the defendant the seriousness of the decision" [internal quotation marks omitted]); *State* v. *Swan*, 108 Idaho 963, 966, 703 P.2d 727 (1985) ("Where the waiver [of a jury trial] is left to implication from conduct, there is danger of misinterpretation with respect to a right the importance of which requires there be certainty. . . . A requirement that the [c]ourt personally address the defendant will not constitute an undue burden on the courts where this very important right is at issue." [Citation omitted.]); see also *Ciummei* v. *Commonwealth*, 378 Mass. 504, 509 and n.8, 392 N.E.2d 1186 (1979); *State* v. *Anderson*, 249 Wis. 2d 586, 602–603, 638 N.W.2d 301 (2002). Accordingly, in the future, when a defendant, personally or through counsel, indicates that he wishes to waive a jury trial in favor of a court trial in the absence of a

signed written waiver by the defendant,[17] the trial court should engage in a brief canvass of the defendant in order to ascertain that his or her personal waiver of the fundamental right to a jury trial is made knowingly, intelligently and voluntarily. This canvass need not be

[17] Under federal law, four conditions are necessary for a valid waiver of a jury trial: (1) the defendant must knowingly, intelligently and voluntarily waive his right to a jury; (2) the government's attorney must consent; (3) the trial court must accept the waiver; and (4) the waiver must be in writing. See Fed. R. Crim. P. 23 (a); *United States* v. *Duarte-Higareda*, 113 F.3d 1000, 1002 (9th Cir. 1997); *United States* v. *Robertson*, supra, 45 F.3d 1431. Several of the federal circuit courts have not held the writing requirement to be mandatory if the record otherwise evidences that the defendant personally and expressly consented to the waiver. See, e.g., *United States* v. *Robertson*, supra, 1431; *United States* v. *Saadya*, 750 F.2d 1419, 1420 (9th Cir. 1985); *United States* v. *Garrett*, 727 F.2d 1003, 1012–13 (11th Cir. 1984), aff'd, 471 U.S. 773, 105 S. Ct. 2407, 85 L. Ed. 2d 764 (1985); *United States* v. *Martin*, supra, 704 F.2d 271–75; *United States* v. *Anderson*, supra, 704 F.2d 118–19. In the absence of a written waiver, the federal trial courts are urged, and sometimes required, to conduct a canvass of the defendant. See, e.g., *United States* v. *Robertson*, supra, 1432; *United States* v. *Cochran*, supra, 770 F.2d 851–53; *United States* v. *Anderson*, supra, 704 F.2d 118–19; *United States* v. *Scott*, supra, 583 F.2d 363–64; *United States* v. *Strother*, 578 F.2d 397, 404–405 (D.C. Cir. 1978); *United States* v. *Hunt*, 413 F.2d 983, 984 (4th Cir. 1969).

Moreover, the overwhelming majority of states require a written waiver by the defendant, a canvass conducted by the trial court, or a combination thereof. See cases cited in footnote 14 of this opinion; see also *State* v. *Watkins*, 914 So. 2d 922, 923 (Ala. Crim. App. 2005); *Davis* v. *State*, supra, 809 A.2d 569–72; *Little* v. *United States*, 665 A.2d 977, 978–80 (D.C. 1995); *Tucker* v. *State*, 559 So. 2d 218, 219–20 (Fla. 1990); *State* v. *Stallings*, 658 N.W.2d 106, 109–12 (Iowa 2003); *State* v. *Clemons*, 273 Kan. 328, 336–41, 45 P.3d 384 (2002); *State* v. *Ouellette*, 901 A.2d 800, 804–809 (Me. 2006); *Kang* v. *State*, 393 Md. 97, 105–18, 899 A.2d 843 (2006); *Commonwealth* v. *Hardy*, 427 Mass. 379, 381–84, 693 N.E.2d 1365 (1998); *Ciummei* v. *Commonwealth*, supra, 378 Mass. 509–11; *People* v. *Reddick*, 187 Mich. App. 547, 548–50, 468 N.W.2d 278, appeal denied, 439 Mich. 855 (1991); *Gallimort* v. *State*, 116 Nev. 315, 319–20, 997 P.2d 796 (2000); *People* v. *Finkle*, 262 App. Div. 2d 971, 972–73, 692 N.Y.S.2d 265 (1999); *State* v. *Reece*, 106 Ohio St. 3d 65, 66, 831 N.E.2d 983 (2005); *Kerr* v. *State*, 738 P.2d 1370, 1372 (Okla. Crim. App. 1987); *State* v. *Anderson*, 208 Or. App. 335, 336, 144 P.3d 1024 (2006); *Commonwealth* v. *O'Donnell*, 559 Pa. 320, 335–37, 740 A.2d 198 (1999); *State* v. *Paull*, 739 A.2d 661, 661–62 (R.I. 1999); *State* v. *Aliberti*, 401 N.W.2d 729, 731 (S.D. 1987); *State* v. *Ellis*, supra, 953 S.W.2d 221–22; *Traham* v. *State*, 991 S.W.2d 936, 938–39 (Tex. App. 1999); *State* v. *West*, 164 Vt. 192, 199–202, 667 A.2d 540 (1995); *State* v. *Downs*, 36 Wash. App. 143, 144–46, 672 P.2d 416 (1983); *State* v. *Anderson*, supra, 249 Wis. 2d 593–604; *Robbins* v. *State*,

overly detailed or extensive,[18] but it should be sufficient to allow the trial court to obtain assurance that the defendant: (1) understands that he or she personally has the right to a jury trial; (2) understands that he or she possesses the authority to give up or waive the right to a jury trial; and (3) voluntarily has chosen to waive the right to a jury trial and to elect a court trial.[19] Cf. *State* v. *Ouellette*, supra, 271 Conn. 749, 750–51; *State* v. *Groomes*, supra, 232 Conn. 475–76; *State* v. *Marino*, supra, 190 Conn. 641 and n.1; *State* v. *Chapman*, 46 Conn. App. 24, 29 n.6, 698 A.2d 347, cert. denied, 243 Conn. 947, 704 A.2d 800 (1997), cert. denied, 523 U.S. 1063, 118 S. Ct. 1393, 140 L. Ed. 2d 652 (1998).

In the present case, because the record does not reflect any indication from the defendant personally that he waived his fundamental right to a jury trial, we find that the waiver expressed by defense counsel was

635 P.2d 781, 782–85 (Wyo. 1981); but see *State* v. *Ciarlotta*, 110 N.M. 197, 199–201, 793 P.2d 1350 (App.), cert. denied, 110 N.M. 183, 793 P.2d 865 (1990).

[18] It is not necessary that the canvass required for a jury trial waiver be as extensive as the canvass constitutionally required for a valid guilty plea. See *State* v. *Stegall*, 124 Wash. 2d 719, 725, 881 P.2d 979 (1994), citing *State* v. *Brand*, supra, 55 Wash. App. 785 n.5. A guilty plea canvass naturally should be more comprehensive because in pleading guilty, a defendant forfeits several constitutional rights, including the right to a trial by jury as well as the right to confront accusers and the privilege against self-incrimination. See *Boykin* v. *Alabama*, supra, 395 U.S. 243–44; *State* v. *Fagan*, 280 Conn. 69, 90–92, 905 A.2d 1101 (2006), cert. denied, 549 U.S. 1269, 127 S. Ct. 1491, 167 L. Ed. 2d 236 (2007).

[19] If the trial court encounters a recalcitrant defendant who indicates, personally or through counsel, that he wishes to waive a jury trial, but refuses to respond to the questions posed by the court, the court should canvass the defendant, posing questions designed to elicit whether the defendant understands that he or she has the right to a jury trial, may waive the right to a jury trial, and voluntarily has chosen to waive that right and to elect a court trial. If the defendant refuses to respond, the trial court should instruct the defendant in a manner similar to that in *Groomes*; see footnote 15 of this opinion; to the effect that, if the defendant continues to assert a waiver but refuses to respond to the court's questions, the trial court will assume that he or she personally is choosing to waive the right to a jury trial and that the waiver is knowing, intelligent and voluntary.

insufficient to constitute a valid waiver, and that the defendant has satisfied the third prong of *Golding.* Accordingly, we affirm the judgment of the Appellate Court reversing the judgment of the trial court and remanding the case for a new trial.[20]

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

[20] The defendant need not satisfy the fourth prong of *Golding* because a claim that a jury trial waiver is invalid is a claim of structural error that is per se prejudicial and is not subject to harmless error analysis. See *State* v. *Lopez*, 271 Conn. 724, 739, 859 A.2d 898 (2004); see also *Sullivan* v. *Louisiana*, 508 U.S. 275, 277–82, 113 S. Ct. 2078, 124 L. Ed. 2d 182 (1993).