STATE OF CONNECTICUT *v.* JEFFREY MAURO
(AC 28622)

Flynn, C. J., and Bishop and Harper, Js.

Argued October 16—officially released November 25, 2008

*Richard Emanuel*, with whom, on the brief, was *Robert M. Casale*, for the appellant (defendant).

*Melissa L. Streeto*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Donald S. MacCalmon*, assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, C. J. The defendant, Jeffrey Mauro, appeals from the judgment of conviction, rendered following a trial to the court, of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (2), public indecency in violation of General Statutes § 53a-186 (a) (2) and disorderly conduct in violation of General Statutes § 53a-182 (a) (2). On appeal, the defendant challenges the validity of the waiver of his right to a jury trial. We conclude that the record does not contain evidence demonstrating that the defendant knowingly, intelligently and voluntarily waived his right to be tried by a jury and, accordingly, reverse the judgment of conviction.

The relevant factual and procedural history of the defendant's appeal are as follows. On March 5, 2006, the defendant was arrested and charged with sexual

assault in the fourth degree, public indecency and disorderly conduct on the basis of a criminal complaint filed by a former employee of the defendant. The defendant was released on his promise to appear in court, and an initial court date was set for March 14, 2006. On March 13, 2006, attorney William H. Cashman filed an appearance via facsimile on behalf of the defendant and requested a continuance to March 28, 2006. The case eventually was continued to June 14, 2006. On that date, the prosecutor informed the court that the parties had reached an agreed disposition. Because the victim had not been consulted as to the terms of the proposed plea bargain, the court continued the case until July 5, 2006.

On July 5, 2006, the prosecutor indicated to the court that the victim had been informed of the plea agreement and that the case could move forward. The following colloquy then occurred between the court, *Esposito, J.*, and Cashman:

"The Court: And your client's going to accept the plea today. Is that correct, counsel?

"[Defense Counsel]: No, Your Honor. We're going to enter a plea of not guilty.

"The Court: Okay. Not guilty pleas, jury election.

"[Defense Counsel]: Court actually, Your Honor, court election."

The court thereafter assigned the case to the pretrial docket. The defendant's trial commenced December 7, 2006. Prior to the start of evidence, the court, *Licari, J.*, stated: "The court has been assigned the matter of state versus Jeffrey Mauro for a court trial. I understand, counselors, that in front of some other judge that [the defendant] has been canvassed on that issue, so the court need not repeat it?" Cashman responded: "That's correct, Your Honor." Following a hearing on defense motions, Judge Licari, in a second effort to establish

for the record that there had been an adequate canvass and waiver by the defendant, asked Cashman and the prosecutor, Donald S. MacCalmon, the following question:

"The Court: I don't know when the canvassing concerning the waiver of the defendant's jury right was made because it's not noted on the court docket from across the street, but you assure the court, Mr. Cashman and Mr. MacCalmon, that that was, in fact, done and need not be done by this court?

"[Defense Counsel]: Yes, Your Honor. It was done on the same day that we made the election.

"[The Prosecutor]: Judge, I can't speak to that. I was not present, but I'm—I'm told that it was.

"The Court: All right. Well, Mr. Cashman, you're representing to me that's—and you're not requesting that it be done again?

"[Defense Counsel]: No, Your Honor.

"The Court: All right. And he has [pleaded] not guilty to the charges already. This is a new information although it contains the same charges. Pro forma not guilty and courtside election just to protect the record here, Mr. Cashman?

"[Defense Counsel]: Yes, Your Honor.

"The Court: All right. Again, without the need to recanvass on the waiver of jury right?

"[Defense Counsel]: Correct."

Trial of the matter proceeded and evidence concluded on December 7, 2006. On the following day, the court issued its oral decision in which it found the defendant guilty on all three counts of the information. This appeal followed.

The defendant's sole claim on appeal is that the purported waiver of his right to a jury trial was invalid because the record does not reflect that he ever personally affirmed, either in writing or orally, his desire to waive this right. Because the defendant failed to raise this issue at trial, he seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). We will review the claim pursuant to *Golding* because the record is adequate for review and the claim is of constitutional magnitude alleging the violation of a fundamental right.

"The right to a jury trial in a criminal case is among those constitutional rights which are related to the procedure for the determination of guilt or innocence. The standard for an effective waiver of such a right is that it must be knowing and intelligent, as well as voluntary. . . . Relying on the standard articulated in *Johnson* v. *Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938), we have adopted the definition of a valid waiver of a constitutional right as the intentional relinquishment or abandonment of a known right. . . . This strict standard precludes a court from presuming a waiver of the right to a trial by jury from a silent record. . . . In determining whether this strict standard has been met, a court must inquire into the totality of the circumstances of each case. . . . When such a claim is first raised on appeal, our focus is on compliance with these constitutional requirements rather than on observance of analogous procedural rules prescribed by statute or by the Practice Book." (Citations omitted; internal quotation marks omitted.) *State* v. *Ouellette*, 271 Conn. 740, 751–52, 859 A.2d 907 (2004).

We conclude that the present appeal is controlled by our Supreme Court's recent decision in *State* v. *Gore*, 288 Conn. 770, 955 A.2d 1 (2008), affirming this court's decision in *State* v. *Gore*, 96 Conn. App. 758, 901 A.2d 1251 (2006). In *Gore*, defense counsel represented to

the court that, following a "lengthy discussion" he had with the defendant, the defendant would change his election from a jury trial to a court trial. *State* v. *Gore,* supra, 774. The court accepted defense counsel's representation without asking the defendant whether he consented to the waiver, and the defendant never personally acknowledged the waiver on the record, either in writing or orally. Id., 774–75. Following his conviction, the defendant appealed, claiming that the waiver of his right to a jury trial had been invalid. Id., 775.

Following this court's reversal of the judgment and remand of the case for a new trial; see *State* v. *Gore,* supra, 96 Conn. App. 769; our Supreme Court granted certification to appeal; see *State* v. *Gore,* 280 Conn. 937, 901 A.2d 1251 (2006); and considered the issue of whether defense counsel may waive validly a defendant's right to a jury trial when the defendant does not personally waive the right on the record. *State* v. *Gore,* supra, 288 Conn. 772. The court stated succinctly its holding: "We conclude that a defendant personally must waive the fundamental right to a jury trial, and that counsel may not make that decision as a matter of trial strategy. We also conclude that there must be some affirmative indication from the defendant himself or herself on the record that he or she knowingly, intelligently and voluntarily has decided to waive a jury trial. In other words, the defendant's passive silence in this case while defense counsel purported to waive the defendant's right to a jury trial is not sufficient to demonstrate a knowing, intelligent and voluntary waiver." Id., 777–78.

The record in the present appeal similarly is devoid of any evidence that the defendant personally waived his right to a jury trial, either in writing or orally. Under the rule expressed in *Gore,* defense counsel's purported waiver of the defendant's right to a jury trial was not

sufficient to constitute a valid waiver of this fundamental right. The state argues that *Gore* is distinguishable because the court in the present case repeatedly asked whether the defendant had been canvassed specifically as to his right to a jury trial. The state contends that but for defense counsel's assurances to the court that the defendant had indeed been canvassed, the court would have canvassed the defendant properly. The record reflects that the court was misled, albeit apparently unintentionally, by the representations of both defense counsel and the prosecutor to the effect that the defendant had been canvassed previously. However, as is made clear in *Gore*, a defendant's right to a jury trial cannot be waived by defense counsel only; this remains true no matter how many attempts defense counsel may make to waive the right or whether counsel makes mistaken representations to the court that a canvass has been made by another judge and that the defendant himself has made a valid waiver.

For a defendant's waiver of his fundamental right to a jury trial to be knowing, voluntary and intelligent, it must be made personally by the defendant, whether in writing or orally. Because the record does not demonstrate that the defendant made such an affirmation here, the purported waiver of his right to a jury trial was invalid.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.