******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JEREMY D.*
(AC 35058)

DiPentima, C. J., and Lavine and Dupont, Js.

*Argued February 4—officially released April 22, 2014*

(Appeal from Superior Court, judicial district of
Waterbury, Crawford, J.)

*Glenn W. Falk*, assigned counsel, with whom, on the brief, was *Deborah M. Frankel*, legal fellow, for the appellant (defendant).

*Bruce R. Lockwood*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Jason Germain*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DUPONT, J. The defendant, Jeremy D., appeals from the judgment of conviction, rendered after a trial to the court, of one count of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A),[1] one count of risk of injury to a child in violation of General Statutes § 53-21 (a) (1),[2] and one count of risk of injury to a child in violation of § 53-21 (a) (2).[3] On appeal, the defendant claims that the court failed to ensure that he knowingly, intelligently and voluntarily waived his right to a jury trial. Specifically, the defendant argues that, during its canvass of him, the court misstated relevant legal principles and did not take into account his inexperience with the criminal justice system. He therefore claims that the court improperly refused to allow him to withdraw his waiver of a trial by jury when he informed the court that he was confused. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of this appeal. The defendant was charged in a substitute information on March 8, 2012, with one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), one count of sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (B) (2), one count of sexual assault in the fourth degree in violation of § 53a-73a (a) (1) (A), one count of risk of injury to a child in violation of § 53-21 (a) (2), and one count of risk of injury to a child in violation of § 53-21 (a) (1). On May 5, 2010, the defendant pleaded not guilty and elected a trial by a jury of six. On March 12, 2012, the defendant appeared with counsel before the court to begin jury selection. Before jury selection began, however, the defendant alerted the court, *Damiani, J.*, that he had decided to waive his right to a trial by jury and to proceed, instead, with a court trial. The following colloquy then took place:

"The Court: Mr. [D.], how old are you?

"The Defendant: Thirty-seven.

"The Court: And how far have you gone in school?

"The Defendant: Eleventh grade.

"The Court: You take any drugs, alcohol, or medication today?

"The Defendant: No, sir.

"The Court: Now, you're here to start trial regarding a sexual assault case, correct?

"The Defendant: Yes, sir.

"The Court: And you have your attorney with you, [Howard] Lawrence. Right now, you elected a trial by a jury of six. In a jury trial, you and your lawyer would have a right or a say as to who's going to be the trier of fact in your case. Potential jurors come out, they sit

in the witness box, state's attorney asks questions, your lawyer asks questions. The juror then leaves and goes outside the courtroom. You then confer with your lawyer and say I don't like that person, I like—whatever. You understand that?

"The Defendant: Yes, sir.

"The Court: Court trial, whatever judge it is, it is. You understand that?

"The Defendant: Yes, sir.

"The Court: In a jury trial, the state's got to convince all six jurors of your guilt beyond a reasonable doubt. Your lawyer only has to create a reasonable doubt in one juror's mind to get a hung jury. You understand that? A mistrial.

"The Defendant: Yes, sir.

"The Court: In a court trial there's only one person. The state's got to convince that one person of your guilt beyond a reasonable doubt, and your lawyer's got to create a reasonable doubt in that one person's mind. You understand that?

"The Defendant: Yes, sir.

"The Court: Now, you're charged with [a] five count information. Sexual assault in the first degree, sexual assault in the third degree, sexual assault in the fourth degree, risk of injury under subsection (1) and risk of injury subsection (2). You're exposed to a maximum penalty of seventy years in jail, and/or a $60,000 fine, of which, if the sentence—you're convicted and the sentences were consecutive, fifteen years cannot be suspended or reduced by the court, you understand that?

"The Defendant: Yes, sir.

"The Court: Do you understand all that?

"The Defendant: Yes, sir.

"The Court: Do you wish to be tried by a judge or by a jury?

"The Defendant: A judge.

"The Court: And that's your free [act] and deed?

"The Defendant: Yes, sir.

"The Court: This choice is irrevocable, which means if you change your mind two seconds from now, it's too late. Do you understand that?

"The Defendant: Yes, sir.

"The Court: You've talked to your lawyer about this?

"The Defendant: Yes, sir.

"The Court: He's explained everything in great detail?

"The Defendant: Yes, sir.

"The Court: And you're satisfied with his representation?

"The Defendant: Yes.

"The Court: And you want to make an election of your own free will to go from a jury to a court trial, correct?

"The Defendant: Yes, sir.

"The Court: Anything further [defense counsel] on this?

"[Defense Counsel]: No, that covers it, Your Honor. . . .

"The Court: Record will reflect a knowing, intelligent, voluntary waiver of jury to court; matter is set for a court trial."

On March 19, 2012, the defendant moved to vacate his election to trial by the court in favor of a jury trial. The defendant argued that the court confused him because, during its canvass of him, the court had stated: "Your lawyer only has to *create* a reasonable doubt in one juror's mind to get a hung jury." (Emphasis added.) The defendant claimed that the court's use of the word "create" led him to mistakenly believe that he had a burden of production and persuasion and that, because he "is [a] layman, he was confused by the canvass." In denying the defendant's motion, Judge Damiani stated: "[Defense counsel], you want to split hairs, when you argue to a jury, and I've done it thousands of times, the state has the burden of proof beyond a reasonable doubt . . . . We know you have no burden of proof, but they have to prove beyond a reasonable doubt . . . . [Your motion] is denied. You have an exception."

The defendant then proceeded to trial before the court, *Crawford, J.*, and was convicted of sexual assault in the fourth degree in violation of § 53a-73a (a) (1) (A), risk of injury to a child in violation of § 53-21 (a) (2), and risk of injury to a child in violation of § 53-21 (a) (1). On June 1, 2012, the court sentenced the defendant to a total effective term of fifteen years incarceration, suspended after five years, with fifteen years probation. This appeal followed.

On appeal, the defendant claims that the court improperly determined that the waiver of his right to a jury trial was done knowingly, intelligently and voluntarily.[4] Specifically, the defendant asserts that the court improperly refused to permit him to withdraw his waiver when he expressed his confusion concerning the court's alleged misrepresentation that the defendant had to "create" a reasonable doubt for the jury. We disagree.

Before addressing the merits of the defendant's claim, we begin by setting forth the applicable standard of review and the legal principles governing our analysis. "The right to a jury trial in a criminal case is among

those constitutional rights which are related to the procedure for the determination of guilt or innocence. The standard for an effective waiver of such a right is that it must be knowing and intelligent, as well as voluntary. . . . [W]e have adopted the definition of a valid waiver of a constitutional right as the intentional relinquishment or abandonment of a known right. . . . This strict standard precludes a court from presuming a waiver of the right to a trial by jury from a silent record. . . . In determining whether this strict standard has been met, a court must inquire into the totality of the circumstances of each case. . . . When such a claim is first raised on appeal, our focus is on compliance with these constitutional requirements rather than on observance of analogous procedural rules prescribed by statute or by the Practice Book. . . . Our task, therefore, is to determine whether the totality of the record furnishes sufficient assurance of a constitutionally valid waiver of the right to a jury trial. . . . Our inquiry is dependent upon the particular facts and circumstances surrounding [each] case, including the background, experience, and conduct of the accused. . . . In examining the record, moreover, we will indulge every reasonable presumption against waiver of fundamental constitutional rights and . . . [will] not presume acquiescence in the loss of fundamental rights. . . . In addition, a waiver of a fundamental constitutional right [such as the right to a trial by jury] is not to be presumed from a silent record. . . . [Rather] in determining whether a court has properly accepted a waiver of the right [to a jury trial], there must be some affirmative indication from the accused personally, on the record, that he or she has decided to waive the fundamental right to a jury trial [as] the defendant's silence is too ambiguous to permit the inference that he or she has waived such a fundamental right." (Citations omitted; internal quotation marks omitted.) *State* v. *Tocco*, 120 Conn. App. 768, 777–78, 993 A.2d 989, cert. denied, 297 Conn. 917, 996 A.2d 279 (2010). Importantly, "[a] defendant's personal assertion of a waiver of the right to a jury trial is not conclusive evidence that the waiver was made knowingly, intelligently and voluntarily, but its absence is a fatal blow to the validity of a waiver." *State* v. *Gore*, 288 Conn. 770, 782, 955 A.2d 1 (2008).

"In addition to determining that a defendant who seeks to [waive a constitutional right] is competent, a trial court must satisfy itself that the waiver . . . is knowing and voluntary. . . . [I]n this sense, there is a heightened standard for [the waiver of a constitutional right], but it is not a heightened standard of competence. . . . Moreover, it is the same standard that is applicable to all criminal defendants who have been found competent to stand trial. Under this standard, [t]he determination of whether there has been an intelligent waiver of [a constitutional right] must depend, in each case, upon

the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." (Internal quotation marks omitted.) *State* v. *Tocco*, supra, 120 Conn. App. 779.

We first note that the defendant addressed the court personally and stated on the record that he wanted a trial before the court in lieu of a trial by jury. The condition precedent for a constitutionally valid waiver was therefore satisfied. See id., 778–79. We must now examine the totality of the circumstances, which include the defendant's competence and background as well as the court's statements to the defendant, to determine whether the defendant's waiver was knowingly, intelligently and voluntarily made.

Although the defendant's competence is not otherwise challenged on appeal, the defendant does argue that his lack of familiarity with the criminal process as a "layman" combined with the court's alleged misuse of the word "create"—an argument we will address—confused him. It is thus important to note at the outset that a lack of understanding or mere confusion concerning criminal proceedings does not amount to mental incompetence in determining whether a defendant was sufficiently competent to validly waive a constitutional right to a trial by jury. See *State* v. *Paulino*, 127 Conn. App. 51, 66, 12 A.3d 628 (2011) ("although the defendant did admit that he often was confused by court procedures, a lack of legal expertise is not indicative of incompetence").

As the defendant's competence is not otherwise at issue, we now consider his background, conduct and experience. For that information, we look to the trial court transcripts and record as well as the court's canvass of the defendant concerning his waiver. With respect to the court's canvass of the defendant, the transcript of the colloquy itself reflects that the defendant responded to the court's inquiries in an intelligible and well mannered fashion. See *State* v. *Tocco*, supra, 120 Conn. App. 780. During the court's colloquy, the defendant represented that he was not under the influence of alcohol, drugs or medications, that he had an eleventh grade education, that he carefully had considered the issue after discussions with his attorney, and that he was confident in his decision to proceed with a court trial. When questioned on the specifics of the waiver, the defendant reiterated multiple times that he understood the irrevocability of his decision and that he had decided voluntarily to instead elect a court trial. During his trial testimony, the defendant similarly responded to questions in a polite and coherent manner. There is nothing in the record to indicate that the defendant was not a man of ordinary intelligence or that he lacked meaningful life experience. See *State* v. *Rizzo*, 303 Conn. 71, 92, 31 A.3d 1094 (2011), cert. denied, U.S. , 133 S. Ct. 133, 184 L. Ed. 2d 64 (2012).

Importantly, the record reflects that the defendant was represented by counsel, Lawrence, throughout the course of the trial. There is also nothing in the record to indicate that the defendant had problems communicating effectively with Lawrence before, during, or after trial. In fact, the defendant reiterated during the court's canvass that he had discussed his decision to waive his right to a jury trial with his attorney, that his attorney had explained everything in detail, and that he was satisfied with the advice given to him by counsel. The fact that the defendant was represented by counsel and that he conferred with counsel concerning the right to waive his right to a jury supports the conclusion that his waiver to a trial by jury was done knowingly and intelligently. See, e.g., *State* v. *Smith*, 100 Conn. App. 313, 324, 917 A.2d 1017, cert. denied, 282 Conn. 920, 925 A.2d 1102 (2007); see also *State* v. *Cobb*, 251 Conn. 285, 373, 743 A.2d 1 (1999) ("[a]lthough the presence of counsel does not by itself mean that the defendant's interests and rights are protected . . . [t]he fact of counsel being present and having advised the defendant [concerning jury waiver] is a factor to be considered in determining the question of the need for or sufficiency of any admonition given by the court" [internal quotation marks omitted]), cert. denied, 531 U.S. 841, 121 S. Ct. 106, 148 L. Ed. 2d 64 (2000).

We turn next to the court's statements during its colloquy with the defendant. In questioning the defendant, the court explained the difference between a jury trial, including defense counsel's ability to influence jury selection, and a court trial, which the defendant confirmed he understood. The court confirmed that the defendant had discussed his decision to proceed with a court trial with his attorney and inquired as to whether he was satisfied with his counsel's explanation. Importantly, the court unambiguously stated that the waiver of the right to a trial by jury was an irrevocable decision, "which means if you change your mind two seconds from now, it's too late." The defendant replied to the court's inquiries immediately, confirmed that he understood every aspect of the waiver repeatedly, and twice confirmed that he was freely choosing a court trial before the court granted the defendant's waiver. See *State* v. *Tocco*, supra, 120 Conn. App. 781 ("[t]he defendant's immediate and unequivocal replies to the court's inquiries reflected his strong desire to proceed to trial before the court, not a jury"). At the end of the canvass, the court asked defense counsel if he had anything further, to which he responded, "No, that covers it, Your Honor." The issue of waiver was thus clearly addressed by the trial court, as evidenced by the defendant's explicit and unambiguous response to the court's inquiries that he had chosen to proceed to trial before the court instead of before a jury.

In examining the totality of the circumstances, we

conclude that the defendant knowingly, intelligently and voluntarily waived his right to a trial by jury and, instead, elected to proceed with a court trial. The court conducted a canvass of the defendant, on the record, which determined that the defendant understood his right to a trial by jury and also confirmed that he understood the irrevocability and relevant differences in electing to instead proceed with a court trial. The record as a whole indicates that the defendant did have a sufficient understanding of his right to proceed to trial before a jury such that he could have waived that right in a constitutionally appropriate manner. We therefore disagree with the defendant's argument that the court failed to ensure a knowing, intelligent and voluntary waiver of his right to a jury trial.

The defendant next argues that the court improperly refused to allow him to withdraw his election of a court trial on the ground that it had misstated relevant legal principles during its canvass. Specifically, the defendant asserts that the court's use of the word "create" in describing the burden of proof in a criminal trial confused him because it may have caused him "to [believe] that his attorney . . . would be unable to create a reasonable doubt in the mind of a juror, and therefore he decided to forgo a jury trial." In support of his argument, the defendant cites numerous cases in which burden shifting language in jury instructions or closing arguments have warranted new trials and also relies on General Statutes § 54-82b (b) for additional support.[5]

Although we agree that § 54-82b (b) does provide the defendant with the right to challenge the validity of his waiver under certain circumstances, the record does not indicate that the mere use of the word "create" in the court's canvass of the defendant rendered him so confused that he was "not fully cognizant of his rights . . . ." General Statutes § 54-82b (b). We do note that in *State* v. *Fernandez*, 27 Conn. App. 73, 83, 604 A.2d 1308, cert. denied, 222 Conn. 904, 606 A.2d 1330 (1992), this court opined: "The defendant requested the court to instruct the jury that the defendant's evidence 'need only be sufficient to *create* a reasonable doubt. Hence, when assessing circumstantial evidence offered by the defense, you see if it *creates* a reasonable doubt.' . . . An instruction that the jury should determine whether the defendant has created a reasonable doubt carries with it a substantial and totally unjustifiable risk of diluting the constitutional requirement that the burden of proving the defendant guilty rests squarely on the state and that the defendant bears no burden of proving himself innocent." (Citation omitted; emphasis in original.) Given the totality of the circumstances in the present matter, however, we conclude that the court's use of the word "create" in its canvass of the defendant, although not the clearest term it could have employed, was not sufficiently confusing so as to conclude that it impermissibly shifted the burden of proof onto the

defendant. It is important to note that, in its canvass of the defendant, the court used the term "create" with respect to both jury trials and court trials. Therefore, the word "create" was used in a neutral manner such that any claimed mistake was inconsequential. Furthermore, and as the state also points out on appeal, both our Supreme Court and this court have utilized the term "create" in describing a defendant's trial strategy. See *State* v. *Findlay*, 198 Conn. 328, 344, 502 A.2d 921 ("[t]he defense counsel attempted to paint a favorable portrait of the defendant in order to create a reasonable doubt in the minds of the jury"), cert. denied, 476 U.S. 1159, 106 S. Ct. 2279, 90 L. Ed. 2d 721 (1986); *State* v. *Buster*, 27 Conn. App. 263, 274, 606 A.2d 9 (1992) ("[i]n his case-in-chief, the defendant sought to create a reasonable doubt as to his guilt by presenting evidence from several witnesses"), aff'd, 224 Conn. 546, 620 A.2d 110 (1993). Our conclusion is only reinforced given the fact, as noted, that the defendant was represented by counsel at all relevant times. Accordingly, the defendant's argument must fail.

The judgment is affirmed.

In this opinion the other judges concurred.

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to use the defendant's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[1] General Statutes § 53a-73a (a) provides in relevant part: "A person is guilty of sexual assault in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under thirteen years of age and the actor is more than two years older than such other person . . . ."

[2] General Statutes § 53-21 (a) provides in relevant part: "Any person who (1) wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered, the health of such child is likely to be injured or the morals of such child are likely to be impaired, or does any act likely to impair the health or morals of any such child . . . shall be guilty of a class C felony for a violation of subdivision (1) . . . ."

[3] General Statutes § 53-21 (a) provides in relevant part: "Any person who . . . (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of . . . a class B felony for a violation of subdivision (2) . . . ."

[4] The defendant relies on his right to a trial by jury under both the sixth amendment to the constitution of the United States as well as article first, §§ 8 and 19, as amended by article four of the amendments, of the constitution of Connecticut. For purposes of this appeal, however, the defendant does not claim that his rights under the state constitution are more extensive than his rights under the constitution of the United States.

[5] General Statutes § 54-82b (b) provides for the withdrawal of a jury trial waiver under certain circumstances: "In criminal proceedings the judge shall advise the accused of his right to trial by jury at the time he is put to plea and, if the accused does not then claim a jury, his right thereto shall be deemed waived, but if a judge acting on motion made by the accused within ten days after judgment finds that such waiver was made when the accused was not fully cognizant of his rights or when, in the opinion of the judge, the proper administration of justice requires it, the judge shall vacate the judgment and cause the proceeding to be set for jury trial."