******************************************************

    The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

    All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

    The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* LUIS CASTRO
(AC 43386)

Keller, Prescott and Devlin, Js.

*Syllabus*

Convicted of the crime of murder in connection with the shooting death of the victim, the defendant appealed. He claimed that the trial court violated his right under the confrontation clause of the sixth amendment when it admitted into evidence a certain ballistics report, whose author did not testify at trial, after defense counsel expressly waived the defendant's confrontation right. The state had elicited testimony from R, a police forensics supervisor, about the findings of the report, which R neither authored nor peer-reviewed. Defense counsel indicated to the court that, to expedite matters, he had no objection to the admission of the report or to R's testifying about its contents. The defendant further claimed that this court should hold that the right to confrontation can only be personally waived by the defendant because article first, § 8, of the Connecticut constitution provides greater protection than the federal constitution. *Held*:

1. The defendant could not prevail on his unpreserved claim that counsel's waiver of his confrontation right was invalid because the trial court failed to make a finding that counsel's decision was a legitimate trial tactic or part of a prudent trial strategy: despite the defendant's claim that his counsel's rationale for the waiver, which was to expedite matters, could not be considered a legitimate trial tactic or part of a prudent trial strategy, counsel's indication to the court that he had no objection to the admission of the ballistics report or to R's testifying as to its contents constituted a valid, express waiver of the defendant's sixth amendment confrontation clause claim, and this court declined to apply a rule requiring the trial court to explore defense counsel's rationale for the waiver and to make a finding that it was either a legitimate trial tactic or part of a prudent trial strategy before accepting the waiver, our Supreme Court having repeatedly and expressly rejected the proposition that a trial court is required to assess defense counsel's professional judgment before accepting his or her waiver of a constitutional claim; moreover, in circumstances in which defense counsel's waiver of a constitutional claim constitutes a violation of the defendant's right to the effective assistance of counsel, the defendant may seek recourse through habeas corpus proceedings.

2. The defendant's claim that the right to confrontation can only be personally waived by the defendant was unavailing, as his assertion that article first, § 8, of the state constitution provides greater protection than the federal constitution was contrary to established precedent.

Submitted on briefs April 6—officially released September 29, 2020

*Procedural History*

Substitute information charging the defendant with the crime of murder, brought to the Superior Court in the judicial district of Waterbury and tried to the jury before *Alander, J.*; verdict and judgment of guilty, from which the defendant appealed. *Affirmed.*

*Emily Graner Sexton*, assigned counsel, and *Matthew C. Eagan*, assigned counsel, filed a brief for the appellant (defendant).

*Maureen Platt*, state's attorney, *Jesse Ware Giddings*, assistant state's attorney, and *Laurie N. Feldman*, special deputy assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

PRESCOTT, J. The defendant, Luis Castro, appeals from the judgment of conviction, rendered after a jury trial, of murder in violation of General Statutes § 53a-54a (a). On appeal, the defendant claims that the trial court violated his right under the confrontation clause of the sixth amendment to the United States constitution.[1] Specifically, the defendant argues that the trial court improperly admitted into evidence a ballistics report that was authored by an individual whom the defendant did not have an opportunity to confront because he did not testify at trial, after defense counsel expressly waived, without any legitimate or prudent strategical reasons, the defendant's confrontation right with respect to the author of the ballistics report.[2] The defendant further argues that article first, § 8, of the Connecticut constitution[3] provides greater protection than the federal constitution, and, thus, a waiver of the right to confrontation must be personally made by the defendant in order to comport with our state constitution. We disagree with the defendant and, accordingly, affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On April 9, 2016, at about 2 a.m., a group of people, including the defendant, Jacquise Henry, and Michael Roman, arrived at Bobby D's Café, a bar on Whitewood Road in Waterbury. Shortly thereafter, the group confronted the victim, Harry Mendoza, who was by a pool table. Henry punched the victim in the face, and a physical altercation involving many of the bar patrons ensued. The bartender told everyone to leave. The defendant, Henry, and the victim walked out to the parking lot near the rear of the building. The defendant took a revolver from his waistband and shot the victim twice. The victim was transported to Waterbury Hospital where he died from his gunshot wounds.

Later that day, Henry turned himself in to the police and gave a statement identifying the defendant as the shooter. The police obtained a warrant for the defendant's arrest but were unable to find him. On April 18, 2016, the defendant turned himself in to the United States Marshals Service in Puerto Rico. No weapon was ever recovered. The defendant was charged with the victim's murder.[4]

The defendant elected a jury trial, which began on May 14, 2018. On the third day of trial, the state called as a witness Joseph Rainone, supervisor of the forensics division of the Waterbury Police Department, and had him explain the findings of a ballistics report, which was admitted into evidence for substantive purposes but that he neither authored nor peer-reviewed.[5] Specifically, Rainone testified, inter alia, that, after assessing a bullet recovered from the victim's body, a state's firearms examiner concluded that it was discharged from

a .38 or .357 caliber firearm, which could have been a revolver or a semiautomatic pistol. While testifying, Rainone stated that, on the basis of the report, the bullet would have come from a revolver.[6] Defense counsel did not object to either the admission of the ballistics report or to Rainone's testimony. At the conclusion of the testimony, the court requested a sidebar conference with counsel. Subsequently, outside the presence of the jury, the court summarized the conference on the record. The following colloquy ensued:

"The Court: So, first I want to put on the record that—a sidebar conversation I had with counsel at the conclusion of Joseph Rainone's testimony. Mr. Rainone obviously testified as to the contents of the state lab firearms report, exhibit 39. The defense had no objection to the admission of that report. And then Mr. Rainone testified as to the contents of the report. I just wanted to verify that the defense had no objection to Mr. Rainone testifying as to the contents of the report. He obviously was not the author of that report. And under *Crawford* v. *Washington* [541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004)], the defendant has a right to have the author of that report testify. And, [defense counsel], you indicated that you had no objection to Mr. Rainone testifying with respect to the report. Anybody want to be heard?

"[Defense Counsel]: Judge, just to complete the record—

"The Court: Yes.

"[Defense Counsel]: —that is correct. I spoke with the state's attorney. Obviously that report, it speaks for itself, it's not terribly complicated. The issue would be the individual that authored that report, I believe, is no longer in the state. So, to expedite matters, [the state] had indicated to me Mr. Rainone's credentials and what he would testify to. I saw no problem with it, whatsoever.

"The Court: Okay.

"[Defense Counsel]: So, I had no objection.

"The Court: Okay.

"[Defense Counsel]: I knew it was going to happen, and it's—

"The Court: Okay, fine.

"[Defense Counsel]: —absolutely no objection."

The jury found the defendant guilty of murder in violation of § 53a-54a (a), and he was subsequently sentenced to forty-seven years of incarceration. This appeal followed.

I

The defendant first claims that the trial court violated his sixth amendment right to confrontation by admitting

the ballistics report into evidence because, even though defense counsel expressly waived the defendant's right to confront the author of the report, the waiver was invalid.[7] Specifically, the defendant argues that, pursuant to *State* v. *Rivera*, 129 Conn. App. 619, 632, 22 A.3d 636, cert. denied, 302 Conn. 922, 28 A.3d 342 (2011), counsel's waiver of a defendant's sixth amendment right to confrontation is invalid unless (1) the defendant does not dissent from his attorney's decision, and (2) the attorney's decision is a legitimate trial tactic or part of a prudent trial strategy. The defendant acknowledges that he did not dissent, on the record, from his counsel's decision, but he contends that the trial court failed to make a finding that the decision was a legitimate trial tactic or part of a prudent trial strategy. Additionally, the defendant asserts that defense counsel's given rationale for the waiver, namely, " 'to expedite matters,' " cannot be considered a legitimate trial tactic or part of a prudent trial strategy, and, to the extent that the trial court accepted this rationale, it committed reversible error. For these reasons, the defendant contends that he was deprived of his confrontation right under the sixth amendment. We disagree.

The defendant concedes that he did not preserve this claim at trial and seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015). Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original; footnote omitted.) *State* v. *Golding*, supra, 239–40. "The first two *Golding* requirements involve whether the claim is reviewable, and the second two involve whether there was constitutional error requiring a new trial." (Internal quotation marks omitted.) *State* v. *Fabricatore*, 281 Conn. 469, 477, 915 A.2d 872 (2007).

With respect to the first two prongs, we note that the record, which contains the full transcript of the trial proceedings, is adequate for our review; see id.; and the claim is of constitutional magnitude because it implicates the defendant's sixth amendment right to confrontation. Accordingly, the defendant's claim is reviewable under *Golding*. Therefore, we next address the merits of the defendant's claim under the third prong of *Golding*.

"[A] constitutional claim that has been waived does not satisfy the third prong of the *Golding* test because,

in such circumstances, we simply cannot conclude that injustice [has been] done to either party . . . or that the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial . . . . To reach a contrary conclusion would result in an ambush of the trial court by permitting the defendant to raise a claim on appeal that his or her counsel expressly had abandoned in the trial court." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *State* v. *Holness*, 289 Conn. 535, 543, 958 A.2d 754 (2008).

"It is well settled that a criminal defendant may waive rights guaranteed to him under the constitution. . . . The mechanism by which a right may be waived, however, varies according to the right at stake. . . . For certain fundamental rights, the defendant must personally make an informed waiver. . . . For other rights, however, waiver may be effected by action of counsel." (Citations omitted; internal quotation marks omitted.) *Mozell* v. *Commissioner of Correction*, 291 Conn. 62, 71, 967 A.2d 41 (2009). "As to many decisions pertaining to the conduct of the trial, the defendant is deemed bound by the acts of his lawyer-agent . . . . Thus, decisions by counsel are generally given effect as to what arguments to pursue . . . what evidentiary objections to raise . . . and what agreements to conclude regarding the admission of evidence . . . . Absent a demonstration of ineffectiveness, counsel's word on such matters is the last." (Internal quotation marks omitted.) *State* v. *Kitchens*, 299 Conn. 447, 468, 10 A.3d 942 (2011), quoting *New York* v. *Hill*, 528 U.S. 110, 115, 120 S. Ct. 659, 145 L. Ed. 2d 560 (2000). "The fundamental rights that a defendant personally must decide to waive are therefore distinguishable from tactical trial rights that are not personal to the defendant and that counsel may choose to waive as part of trial strategy."[8] *State* v. *Gore*, 288 Conn. 770, 778–79, 955 A.2d 1 (2008).

"[T]he definition of a valid waiver of a constitutional right . . . [is] the intentional relinquishment or abandonment of a known right." (Internal quotation marks omitted.) Id., 776. "When a party consents to or expresses satisfaction with an issue at trial, claims arising from that issue are deemed waived and may not be reviewed on appeal. See, e.g., *State* v. *Holness*, [supra, 289 Conn 544–45] (holding that defendant waived [claim under *Crawford* v. *Washington*, supra, 541 U.S. 36, that trial court improperly admitted recording of conversation in violation of confrontation clause of federal constitution] when *counsel agreed* to limiting instruction regarding hearsay statements introduced by state on cross-examination) . . . ." (Citation omitted; emphasis added; internal quotation marks omitted.) *Mozell* v. *Commissioner of Correction*, supra, 291 Conn. 71–72.

In the present case, the defendant does not dispute that defense counsel knowingly and intentionally abandoned the defendant's sixth amendment right to con-

front the author of the ballistics report. Rather, he maintains that, when counsel expressly waives a defendant's right to confrontation, the trial court has a duty to "[explore] defense counsel's rationale for the waiver" and make a finding that it is either a legitimate trial tactic or part of a prudent trial strategy before accepting it. In support of that assertion, the defendant relies on the standard under federal case law that this court applied in *Rivera*, namely, that counsel may waive a defendant's sixth amendment right to confrontation, if (1) the defendant does not dissent from his attorney's decision, and (2) "it can be said that the attorney's decision was a legitimate trial tactic or part of a prudent trial strategy." (Internal quotation marks omitted.) *State* v. *Rivera*, supra, 129 Conn. App. 631.

In response, the state argues that the trial court has no duty to elicit or examine the soundness of counsel's decision to waive a confrontation clause claim. Moreover, the state asserts that a claim that counsel's waiver was not part of a legitimate trial tactic or part of a prudent trial strategy is, in essence, a claim of ineffective assistance of counsel, which can be properly addressed only in a habeas corpus proceeding. We agree with the state.[9]

Our Supreme Court has repeatedly and expressly rejected the proposition that a trial court is required to assess defense counsel's professional judgment before accepting his or her waiver of a constitutional claim. Specifically, in *Holness*, the defendant argued, inter alia, that defense counsel's waiver of his sixth amendment *Crawford* claim was invalid because the state did not demonstrate that counsel's waiver was knowing and intelligent. The court disagreed, reasoning that, "[a]lthough a defendant will not be deemed to have waived certain constitutional rights unless the state can demonstrate that the defendant's waiver was knowing and intelligent . . . that requirement is inapplicable when, as in the present case, counsel has waived a potential constitutional claim in the exercise of his or her professional judgment. . . . In our adversary system, the trial court was entitled to presume that defense counsel was familiar with *Crawford* and had acted competently in determining that the limiting instruction was adequate to safeguard the defendant's sixth amendment rights. To conclude otherwise would require the trial court to canvass defense counsel with respect to counsel's understanding of the relevant constitutional principles before accepting counsel's agreement on how to proceed. For good reason, there is nothing in our criminal law that supports such a requirement." (Citations omitted; footnote omitted.) *State* v. *Holness*, supra, 289 Conn. 544.

The court employed the same rationale in *Kitchens* to justify the implied waiver rule for jury instruction claims. See *State* v. *Kitchens*, supra, 299 Conn. 482–83;

id., 486–91 ("In adopting the standard set forth in this opinion, we also rely on . . . the widely recognized presumption that counsel is competent . . . . As we explained in *Holness*, when . . . counsel has waived a potential . . . claim . . . in the exercise of his or her professional judgment . . . [it may be] presume[d] that defense counsel was familiar with [the law] and . . . acted competently in determining that the [court's] limiting instruction was adequate to safeguard the defendant's [constitutional] rights. To conclude otherwise would require the trial court to canvass defense counsel with respect to counsel's understanding of the relevant constitutional principles before accepting counsel's agreement on how to proceed. . . . [T]here is nothing in our criminal law that supports such a requirement." (Citations omitted; footnote omitted; internal quotation marks omitted.)). In *State* v. *Bellamy*, 323 Conn. 400, 414–19, 147 A.3d 655 (2016), the court used the rationale again when rejecting the defendant's invitation to overrule *Kitchens*. See id., 419 (stating that "a comprehensive canvass of this nature not only would be difficult if not impossible to conduct, but would not promote this court's interest in judicial economy, given the time required to determine whether counsel was aware of every conceivable constitutional principle under which an instructional flaw might be identified").

Moreover, "in circumstances in which defense counsel's waiver of a constitutional claim cannot be justified, that is, when the waiver constitutes a violation of the defendant's right to the effective assistance of counsel, the defendant may seek recourse through habeas corpus proceedings." *State* v. *Holness*, supra, 289 Conn. 544 n.8. "[A] claim of ineffective assistance of counsel is more properly pursued on a petition for new trial or on a petition for a writ of habeas corpus rather than on direct appeal . . . [because] [t]he trial transcript seldom discloses all of the considerations of strategy that may have induced counsel to follow a particular course of action." (Internal quotation marks omitted.) *State* v. *Taft*, 306 Conn. 749, 768, 51 A.3d 988 (2012). "[A] habeas proceeding provides a superior forum for the review of a claim of ineffective assistance because it provides the opportunity for an evidentiary hearing in which the attorney whose conduct is challenged may testify . . . ." *State* v. *Kitchens*, supra, 299 Conn. 496–97; see also *State* v. *Bellamy*, supra, 323 Conn. 431 (reiterating that habeas proceeding is " 'superior forum' " for reviewing claim of ineffective assistance of counsel because it allows for development of record "sufficient to determine whether counsel waived [a] claim for constitutionally acceptable strategic reasons").

Defense counsel's indication that he had "absolutely no objection" to the admission of the ballistics report, or to Rainone testifying to the contents of that report, constituted a valid, express waiver of the defendant's

sixth amendment confrontation clause claim. Thus, in light of the authority already set forth in our discussion of this claim, the defendant's claim fails under the third prong of *State* v. *Golding*, supra, 213 Conn. 240. The defendant may seek recourse through habeas corpus, which is the superior forum for determining whether counsel waived a constitutional claim for acceptable strategic reasons.[10] See *State* v. *Kitchens*, supra, 299 Conn. 496–97; see also *State* v. *Bellamy*, supra, 323 Conn. 431.

Furthermore, we decline the defendant's invitation to apply the rule articulated under federal law in *State* v. *Rivera*, supra, 129 Conn. App. 619, for two reasons. First, that case is factually distinct from the present case, in that it involved an instance of implied waiver, not express waiver. Indeed, in that case, defense counsel consented to the admission of a recording without being aware that it contained a hearsay statement to which she had objected, and the court excluded, when it was offered into evidence through witness testimony. See id., 623–24. As such, the court's conclusion that defense counsel had waived the defendant's sixth amendment claim by consenting to the admission of the recording as a full exhibit arose from an inference that defense counsel knowingly and voluntarily had relinquished the right. Id., 636; see also *State* v. *Bellamy*, supra, 323 Conn. 443 ("implied waiver . . . arises from an inference that the defendant knowingly and voluntarily relinquished the right in question . . . and . . . competent counsel is presumed, when determining whether a defendant's waiver of a constitutional right or statutory privilege has been knowing and intelligent" (citation omitted; internal quotation marks omitted)).[11] By contrast, in the present case, there is no question that defense counsel knowingly and voluntarily waived the defendant's right to confrontation.

Second, the federal standard applied in *Rivera* has not been adopted by our Supreme Court, and may have been superseded by more recent developments in Connecticut's law of waiver, including our apparent divergence from federal waiver law. Specifically, in *Bellamy*, the defendant argued that the court should overrule *Kitchens* and instead follow federal waiver law as it pertains to unpreserved jury instruction claims. See *State* v. *Bellamy*, supra, 323 Conn. 414, 433. The court rejected this argument on the ground that, inter alia, "federal waiver law is inconsistent with our jurisprudence, thus making a comparison of federal and Connecticut law extremely difficult, if not impossible." Id., 435. The court explained that, under federal law, "[a] finding of waiver requires evidence that the defendant knowingly and voluntarily approved of the disputed [jury] instruction after an on-the-record discussion . . . *or very clear evidence that the failure to object was due to tactical considerations.* . . ."[12] *In contrast*, Connecticut waiver law is construed more broadly . . .

and plain error review more strictly. . . . Unpreserved claims that have not been waived are not automatically reviewed under the plain error doctrine because the plain error doctrine in Connecticut, unlike under federal law, is one of reversibility rather than reviewability." (Citations omitted; emphasis added; footnote added.) Id., 437–38. Accordingly, in light of the fundamental differences between federal case law and our state's jurisprudence in the law of waiver, we decline to apply the federal standard articulated in *Rivera*, here, to an instance in which defense counsel's waiver was express as opposed to implied.

## II

The defendant's second argument is that article first, § 8, of the Connecticut constitution provides greater protection than the federal constitution and, thus, that this court should hold that the right to confrontation can only be personally waived by the defendant. We reject this argument, as it is contrary to established precedent. Indeed, in *State* v. *Lockhart*, 298 Conn. 537, 4 A.3d 1176 (2010), our Supreme Court determined that "with respect to the right to confrontation within article first, § 8, of our state constitution, its language is nearly identical to the confrontation clause in the sixth amendment to the United States constitution. The provisions have a shared genesis in the common law. . . . Moreover, we have acknowledged that the principles of interpretation for applying these clauses are identical. . . . Therefore, we are not convinced that we should . . . construe the confrontation clause of our state constitution to provide greater protections than its federal counterpart." (Citations omitted.) Id., 555.

Similarly, in *State* v. *Jones*, 140 Conn. App. 455, 59 A.3d 320 (2013), aff'd, 314 Conn. 410, 102 A.3d 694 (2014), this court concluded that "there exists no legal basis that suggests that our state constitution provides the defendant any broader protection [than the federal constitution] to confront a witness against him." Id., 466. "In the brief time since our Supreme Court conducted [its analysis under *State* v. *Geisler*, 222 Conn. 672, 684–86, 610 A.2d 1225 (1992)] of the confrontation clause in *Lockhart*, no decision from our state courts or from our sister states' appellate courts has called into question the soundness of its logic. Further, there are no compelling economic or sociological concerns that have arisen since the analysis was authored that would support a change in the interpretation of our confrontation clause." *State* v. *Jones*, supra, 475–76.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The sixth amendment to the United States constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const., amend. VI. "[T]he sixth amendment rights to confrontation and to compulsory process are made applicable to state prosecutions through the due process clause of the fourteenth amendment." (Internal quotation marks

omitted.) *State* v. *Holley*, 327 Conn. 576, 593, 175 A.3d 514 (2018).

[2] The defendant also argues that the state cannot prove that the admission of the ballistics report was harmless beyond a reasonable doubt because it tied the state's case together and bolstered the credibility of otherwise unreliable eyewitnesses. Because we conclude that the defendant's claim fails under the third prong of *State* v. *Golding*, 213 Conn. 233, 240, 567 A.2d 823 (1989), as a result of defense counsel's express waiver, we do not reach the issue of whether the admission of the report constituted harmless error.

[3] The constitution of Connecticut, article first, § 8, as amended by articles seventeen and twenty-nine of the amendments, provides in relevant part: "In all criminal prosecutions, the accused shall have a right . . . to be confronted by the witnesses against him . . . ."

[4] In addition to the murder charge, the state initially charged the defendant with reckless endangerment in the first degree in violation of General Statutes § 53a-63, unlawful discharge of a firearm in violation of General Statutes § 53-203, and carrying a pistol without a permit in violation of General Statutes § 29-35. The state later chose not to pursue those additional charges and filed a substitute information limited to the murder charge.

[5] According to Rainone's testimony, the procedure of the state forensic science laboratory is that, after the examiner completes his or her report, it is peer-reviewed by another individual for accuracy. Both the examiner and the individual who conducted the peer-review sign the report.

[6] Specifically, the prosecutor stated: "But this bullet would have come from a revolver," and Rainone responded, "[c]orrect, from what he's saying—yeah—well—yes, correct, from what he's saying."

[7] In *Bullcoming* v. *New Mexico*, 564 U.S. 647, 652, 131 S. Ct. 2705, 180 L. Ed. 2d 610 (2011), the United States Supreme Court held that the confrontation clause does not permit the prosecution to introduce a forensic laboratory report containing a testimonial statement by an analyst, certifying the results of a test he performed, through the in-court testimony of another scientist who did not sign the certification or perform or observe the test reported in the certification. The accused has the right "to be confronted with the analyst who made the certification, unless that analyst is unavailable at trial, and the accused had an opportunity, pretrial, to cross-examine that particular scientist." Id. Moreover, as our Supreme Court stated in *State* v. *Walker*, 332 Conn. 678, 212 A.3d 1244 (2019), "where the testifying expert explicitly refers to, relies on, or vouches for the accuracy of the other expert's findings, the testifying expert has introduced out-of-court statements that, if offered for their truth and are testimonial in nature, are subject to the confrontation clause. . . . [E]xpert witnesses cannot be used as conduits for the admission into evidence of the testimonial statements of others." (Citations omitted.) Id., 694–95.

[8] "The fundamental rights that a defendant personally must waive typically are identified as the rights to plead guilty, waive a jury, testify in his or her own behalf, and take an appeal." *State* v. *Gore*, 288 Conn. 770, 779 n.9, 955 A.2d 1 (2008).

[9] To the extent that the state claims that a habeas proceeding is the *only* forum to address a claim of ineffective assistance of counsel, we do not agree. There are some instances in which an ineffective assistance of counsel claim may be pursued on direct appeal. In *State* v. *Crespo*, 246 Conn. 665, 718 A.2d 925 (1998), cert. denied, 525 U.S. 1125, 119 S. Ct. 911, 142 L. Ed. 2d 909 (1999), our Supreme Court explained that, "[a]lmost without exception, we have required that a claim of ineffective assistance of counsel must be raised by way of habeas corpus, rather than by direct appeal, because of the need for a full evidentiary record for such [a] claim. . . . On the rare occasions that we have addressed an ineffective assistance of counsel claim on direct appeal, we have limited our review to allegations that the defendant's sixth amendment rights had been jeopardized by the actions of the *trial court*, rather than by those of counsel. . . . We have addressed such claims, moreover, only where the record of the trial court's allegedly improper action was adequate for review or the issue presented was a question of law, not one of fact requiring further evidentiary development." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 687–88.

Additionally, in *State* v. *Polynice*, 164 Conn. App. 390, 133 A.3d 952, cert. denied, 321 Conn. 914, 136 A.3d 1274 (2016), this court acknowledged that "[a] claim of ineffective assistance of counsel is generally made pursuant to a petition for a writ of habeas corpus rather than in a direct appeal. . . . Section 39-27 of the Practice Book, however, provides an exception to that general rule when ineffective assistance of counsel results in a guilty plea."

(Internal quotation marks omitted.) Id., 397.

[10] We note that, in the present case, defense counsel may not have fully articulated all of his reasons for the waiver, and the trial court risks interfering with the defendant's right to counsel and the attorney-client relationship if the court asks counsel, during trial, for a full explanation of his strategy.

[11] In drawing that inference, the court noted that the fact that defense counsel used the recording containing the hearsay statement to the defendant's benefit—referring to it during cross-examination of a state's witness and in closing argument—indicates that she was following a sound or prudent trial strategy when she consented to its admission. See *State* v. *Rivera*, supra, 129 Conn. App. 634–35. Under Connecticut's implied waiver jurisprudence, it is appropriate for a court to consider "the particular facts and circumstances surrounding [the] case, including the . . . conduct of the [person waiving the right] . . . ." (Internal quotation marks omitted.) *State* v. *Kitchens*, supra, 299 Conn. 484; id. ("[i]t . . . is well established that any such inference [of waiver] must be based on a course of conduct").

[12] For the latter proposition, the court in *Bellamy* cited *United States* v. *Cooper*, 243 F.3d 411, 416 (7th Cir.), cert. denied, 534 U.S. 825, 122 S. Ct. 64, 151 L. Ed. 2d 31 (2001), which is one of the cases this court cited in *Rivera* to support its conclusion that the federal waiver standard should be applied. See *State* v. *Rivera*, supra, 129 Conn. App. 632–35. *Cooper* involved a claim by the defendant that his sixth amendment right to confrontation was violated by the government's repeated references to the substance of an anonymous tip. See *United States* v. *Cooper*, supra, 415. In resolving the claim, the court adopted the standard used by the majority of federal Circuit Courts of Appeals at that time, namely, "a defendant's attorney can waive his client's [s]ixth [a]mendment confrontation right so long as the defendant does not dissent from his attorney's decision, and so long as it can be said that the attorney's decision was a legitimate trial tactic or part of a prudent trial strategy." (Internal quotation marks omitted.) Id., 418.